## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

_____

| | | |
|---|---|---|
| ERIC TODD BURGESS, | ) | C/A No.: 4:15-cv-00218-JFA-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN JOHN PATE OF | ) | |
| ALLENDALE CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ ) | | |

Petitioner, Eric Todd Burgess (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 20, 2015. (Doc. #1). Respondent filed a motion for summary judgment on March 23, 2015, along with a return and memorandum. (Docs. #11 and #12). The undersigned issued an order filed March 24, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #13). Petitioner filed a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

response on April 24, 2015. Respondent filed a reply on May 4, 2015. (Doc. #17).

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Allendale Correctional Institution. The Greenville County Grand Jury indicted Petitioner during the May 2011 term on the charge of attempted murder. (Attachment 1, pp. 163-64). Petitioner was represented by Larry Cooke, Esq. (Attachment 1, p.3). Appearing on behalf of the State was Bryna Seay of the Thirteenth Circuit Solicitor's Office. (Attachment 1, p. 3). A jury trial was held before the Honorable Robin B. Stilwell, South Carolina Circuit Court Judge, on January 18, 2012. Petitioner was convicted by the jury of the lesser included charge of assault and battery of a high and aggravated nature (ABHAN). Judge Stilwell sentenced Petitioner to seven years with credit for time served. Petitioner did not file a direct appeal of his conviction and sentence.

## **PCR**

Petitioner filed his application for post-conviction relief (PCR) on June 14,

2

2012, raising the following allegations: "I filed a motion for fast and speedy as well to dismiss myself, because of duralection of duty my Public Defender, one Lary Cook told that b/c Mr. Cooke was my (PD) I could not file these motions myself." (Attachment 1, p. 166-72 (errors in original)). Assistance Deputy Attorney General Karen Ratigan made her return on behalf of the State.

Petitioner's counsel, Rodney Richey, Esq., then filed an amended PCR application. Petitioner amended his ground for relief as follows: "The Applicant was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution." Petitioner also amended his supporting facts to cite numerous claims for relief. (Attachment 1, pp. 178-82).

An evidentiary hearing took place on December 17, 2013, before the Honorable G. Edward Welmaker, South Carolina Circuit Court Judge. (Attachment 1, p. 183). Petitioner and his trial counsel, Larry Cooke, Esq., testified during the hearing. (Attachment 1, p. 184). At the hearing, Petitioner proceeded solely upon the following allegations:

1. Ineffective assistance of counsel:

      a.     Failed to move to strike an attorney from the jury

      b.     Failed to move for a speedy trial

   c.    Failed to impeach witnesses committing perjury

   d.    Failed to inform of a plea offer

   e.    Failed to challenge the destruction of evidence

   f.    Failed to notice the sentencing sheet was marked non-violent

   g.    Failed to argue violation of Rule 3(c), SCRCrimP.

(Attachment 1, p. 217)

   Judge Welmaker filed his order of dismissal on February 12, 2014, denying and dismissing the PCR application with prejudice.


## PCR APPEAL

   Petitioner filed an appeal from the dismissal of his PCR appeal and was represented by Katherine Hudgins of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. A <u>Johnson</u> petition for writ of certiorari was filed on Petitioner's behalf raising the following issue: "Did the PCR judge err in refusing to find counsel ineffective for failing to notify Petitioner of the State's offer to allow him to plead guilty to the lesser included offense of assault and battery first degree?" (Attachment 3). In conjunction with the <u>Johnson</u> Petition, appellate counsel filed a petition to be relieved as counsel, citing that "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit." (Attachment 3, p. 9).

4

Petitioner submitted a *pro se* response to the <u>Johnson</u> Petition alleging six additional grounds for relief:

A)    The Indictment used to detaine[sic], send to trial, sentence, and imprison the Appellant remains on its face not that of a (True Bill).

B)    Trial Counsel, Larry Holmes Cooke failed to strike Jurour[sic] Kim R. Verner from being submitted to the jury of the Appellant's trial dated, January 18th, 2014.

C)    Trial Counsel, Larry Holmes Cooke denied and deprived the Appellant's Rights to preserve the known violations of both Rule (3) and Rule (5) of the South Carolina Rules of Criminal Procedures by failing to/or having deliberate indifference to submitting prepared Motion to Dismiss to Courts and/or voicing aloud for Courts records the date of Appellant's trial, January 18th, 2012, Mr. Cooke's previously prepared Motion to Dismiss was dated, dated May 19th, 2011.

D)    Trial Counsel failed/neglected with deliberate indifference to inform/advise the Appellate of any information regarding his charge, including the Prosecution's Plea Offers of Assault and Battery 1st Degree of which was 1st made on May 11th, 2011 then again on May 18th, 2011, both with a withdrawal time of August 24th,2011.

E)    On January 18th, 2012 the Appellant was found guilty of the lesser included offense of Assault and Battery of a High and Aggravated Nature and was sentenced to serve (7) years (Non-Violent) with the South Carolina Department of Corrections by Judge Robin B. Stilwell, and given the jail credit of (363) days jail credit.

F)    The State of South Carolina has failed to fulfill its Constitutional Obligation to provide the Appellant with Effective Assistance of Counsel at both his trial, and Post Conviction Relief

Hearing, and now relies on Mrs. Katherine Hutchinson to held "Remedy" the many violations of his 1st, 4th, 6th, and 14th Amendment Rights of the United States Constitution, and violations of the requirements for Effective Assistance of Counsel described, articulated, and set forth by the U.S. Supreme Courts in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963).

(Attachment 4(errors in original)). Petitioner's PCR action concluded upon the Supreme Court of South Carolina's denying the petition for writ of certiorari on December 10, 2014, and issuing its remittitur on December 30, 2014. (Attachments 5 and 6).

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his amended petition, quoted verbatim:

GROUND ONE:    Indictment used to detaine, send to trial, sentence, and imprison me remains on its (FACE) not that of a "TRUE BILL."

Supporting facts:    Clerks' time stamp records the Indictment was received on the date of November 17th, 2010, the term however is listed as May and the year of (2010) is scratched out in pen and written in as (2011), The body of the Grand Jury reflects that of (No) date that the Grand Jury commenced on

GROUND TWO:    Trial counsel did not inform me of (2) separate Plea Agreements until (6) days after they had expired.

Supporting Facts:        The (2) separate pleas made were made on :

May 11th, 2011 and May 18, 2011, with the expirations of August 24th, 2011. Mr. Cooke did not prepare/present me with the documents until (6) days after expiration of acceptance and the packet received was his (Rule 5) dated August 20th, 2011, also (10) months after I had been detained in Greenville County Detention Center.

GROUND THREE:    Trial Counsel neglected with deliberate indifference to successfully strike Jurour 243, Kim R. Verner.

Supporting Facts:    Mr. Verner is a practicing Public Defense Attorney for the 13th Judicial System, having unlimited access/personal/professional relations with all persons of authority present in court that day, thus rendering a "Conflict of Interest" Mr. Verner presumably may have swayed the Jury in the favors of the state to seal a deal for a future case with Prosecutions Bryna Seay further more Judge Robin B. Stillwell speaks up on court records to insist that Mr. Verner submitted to the Jury. Please see Transcript of Trial Dated January 18th, 2012.

GROUND FOUR:    Trial Counsel denied and deprived me of my rights to preserve known violations of Rule (3) and Rule (5) of the S.C. Rules of Criminal Procedure.

Supporting Facts:    Mr. Cooke neglected with deliberate indifference to submitting/voicing aloud Known Violations on courts records the date of my trial, yet his office prepare said (Motion to Dismiss) dated May 19th, 2011 but never submits it to courts for a time stamp by the

7

Clerks' office. Please see (Exhibits 2, 3, and 12), on the date of April 14th 2011 I requested of Mr. Cooke to file the Motion to Dismiss, yet he takes it upon himself to 1st inform the solicitor/her office of my request, faxing it to her office. Please see (Exhibits 2 and 3) Then await (30) days to file requested mo[tion].

GROUND FIVE:    I was sentenced to Seven Years Non-Violent, being sentenced with a (CDR) code of (3411) changed my (Non-Violent) sentence to violent most serious.

Supporting Facts:    Courts failed/neglected to inform me of any and all statutory/mandatory restrictions and requirements of the sentence being imposed that day on courts records, including the (violent most serious) sentence and/or the "Mandatory" (2) year Supervision Program "Require" upon release, care, and control of (SCDC) Please see (Exhibits 11), Thus Violating Due Process of Law, Please see People v. Sparber(2008), Supreme Courts deemed that the Defendant is entitled to a (Full Vacation) of his sentencing/conviction to "Remedy the violations of Due Process of Law. Also see (Coombes, 159 Wash. 1044 (Wash. App. Div. 3, 2011); 2011 WL 240687, Trial Courts failed to advise the Defendant of statutory/mandatory restrictions and requirements of his sentence, Defendant is entitled to a Full Vacation of his sentencing/conviction to "Remedy" the violation of Due Process (ECF #1, Habeas Petition, p. 5; errors in original).

GROUND SIX:    The state of South Carolina has failed it's

8

constitutional obligations to provide me with Effective Assistance of Counsel, thus violating the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution, and Violating the requirements for Effective Assistance of Counsel described, articulated, and set forth by the US. Supreme Courts in <u>Gideon v. Wainwright</u>, 372, U.S., 335 (1963).

Supporting Facts:    none listed

GROUNDS SEVEN:    Court appointed Counsel: Larry Holmes Cooke and Rodney Richey have Denied and Deprived me of Effective Assistance of Counsel, Violations of Due Process of the Law, and Equal Protection of the Law due to neglecting with deliberate indifference to provide me with Effective Assistance of Counsel.

Supporting Facts:    Each failed to act as an adversary to the state, never conducting interviews, never questioning/locating witnesses/alleged victim to determine factual events, never preparing to represent nor submit all concerns of case matter on my behalf and best interests of case matter, Neglecting with Deliberate Indifference to prepare case matter and meet their client to discuss/prepare strategies nor explain and meet their client to discuss/prepare strategies nor explain case matters or the decisions being made. Each acted nothing more than that of a "Rubber Stamp" for the state, cohevsing [coercing] me not to forgo/exercise my rights of trial and/or (PCR) proceedings, even threatening me with possibilities of more time.

9

(Petition) (errors in original).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues "Indictment used to detaine, send to trial, sentence, and imprison me remains on its (FACE) not that of a "TRUE BILL." (Petition). Respondent argues that this issue is procedurally barred and is not cognizable for federal review.

This issue is procedurally barred from habeas review. Also, as Ground One is an issue of the sufficiency of a state indictment, it is a matter of state law. A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas corpus. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir.1998). Further, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

11

**Law as to effective assistance of counsel**

As to the remaining grounds alleging claims of ineffective assistance of counsel, the law with respect to these issues are set forth below with subsequent discussion of each ground individually.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show

that his counsel committed error. If an error can be shown, the court must consider

whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's

representation fell below an objective standard of reasonableness." Strickland, at 688.

"The proper measure of attorney performance remains simply reasonableness under

prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985)

(quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the

second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

13

<u>Strickland</u> analysis).

## **Ground Two**

In Ground Two, Petitioner argues trial counsel was ineffective for failing to present Petitioner with the solicitor's plea offers. This issue was raised at PCR, ruled on by the PCR court, and raised in the petition for writ of certiorari.

The PCR court held the following with respect to this issue:

> This Court finds the Applicant failed to meet his burden of proving trial counsel did not relay a plea offer. This Court specifically finds trial counsel is more credible than the Applicant on this issue. This Court notes trial counsel's file contained notes that his assistant attempted to convey the plea offer and that he did convey it a week later. This Court also notes trial counsel testified the Applicant opting to refuse the offer. This Court finds trial counsel fulfilled his responsibilities in this regard. <u>See</u> <u>Davie v. State</u>, 381 S.C. 601, 675 S.E.2d 416 (2009) (holding counsel's failure to convey the State's plea offer to defendant constituted deficient performance).

(Tr. 221).

At the PCR hearing, trial counsel testified that he usually has plea offers sent directly to his clients once received by his office. (Tr. 191, 202). Counsel testified that Petitioner called his office three times on May 19, 2011, and while his office attempted to verbally inform Petitioner of the plea offer during the phone calls, Petitioner argued calling his attorney a liar. Petitioner and trial counsel video-

14

conferenced on May 24, 2011, to discuss the plea offer, "[a]nd he said no deal on the assault and battery first." (Tr. 203).

The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additional, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Two.

## Ground Three

In Ground Three, Petitioner argues ineffective assistance of counsel for trial counsel's decision to seat another attorney on the jury panel which he alleges was a conflict of interest. This issue was raised at PCR and in the PCR appeal. The PCR

court held the following with regard to this issue:

> This Court finds the Applicant failed to meet his burden of proving trial counsel should have stricken a criminal defense attorney from the jury panel. Trial counsel confirmed a criminal defense attorney was seated as an alternate juror. Trial counsel testified he believed this was beneficial. This Court finds trial counsel articulated a valid strategic decision in this matter. See Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel). Regardless, the Applicant cannot prove any resulting prejudice, as the alternate jurors took no part in jury deliberations. (Trial transcript, p. 19; p. 155).

(Tr. 221).

During jury selection, trial counsel had used all of its strikes but made a motion to strike the attorney for cause stating that he is a solo practitioner. (Tr. 19-20). The trial judge stated that he recognized that fact but he would not excuse him "unless there is some other exigent circumstance since there are other business and professional[s] who are on the jury panel who would also miss time from their work." Tr. 20). The attorney was a second alternate who was dismissed before deliberations (Tr. 154). At the PCR hearing, trial counsel testified that he did not perceive there being an issue with the criminal defense attorney being an alternate on the jury. (Tr. 202). He testified that "I mean, he's a defense attorney. I felt like–a criminal defense attorney. I felt like he would be a good person to sit on the jury." Id.

Based upon the record, the PCR court's rejection of the ineffective assistance

16

of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, <u>supra</u>; <u>Wilson v. Moore</u>, <u>supra</u>. The PCR court found that trial counsel made a strategic decision. Courts are instructed not to second guess an attorney's trial strategy and tactics. <u>Goodson v. United States</u>, 564 F.2d 1071, 1072 (4th Cir.1977); <u>Stamper v. Muncie</u>, 944 F.2d 170 (4th Cir.1991). Therefore, it is recommended that summary judgment be granted for Respondent with regard to Ground Three.

**<u>Ground Four</u>**

Petitioner argues that "[t]rial Counsel denied and deprived me of my rights to preserve known violations of Rule (3) and Rule (5) of the S.C. Rules of Criminal Procedure." In the supporting facts, Petitioner also states that trial counsel was ineffective for failing to file a motion to dismiss his case based on the violations of the court records pursuant to Rules 3 and 5 of the South Carolina Rules of Criminal

Procedure.[2]

The PCR court held the following:

> This Court finds the Applicant failed to meet his burden of proving trial counsel should have made motions for a speedy trial and a violation of Rule 3(c), SCRCrimP. Trial counsel testified he did, in fact, make these motions and that they were denied. This Court finds the Applicant has failed to meet his burden of proof because these were the first matters taken up in pre-trial. (Trial transcript, pp 6-8).

(Tr. 220).

At the onset of the trial on January 18, 2012, counsel made a motion based on the fact that Petitioner had sought a speedy trial and for them to produce certain evidence such as the car that was involved in the case. The Solicitor informed the court that at a hearing before the Honorable Ed Miller on July 14, 2011, defense counsel had made a motion to dismiss based on the allegation "that the Indictment had not been acted upon in the appropriate amount of time" but the motion was denied.

---

[2] Rule 3 of the South Carolina Rules of Criminal Procedure pertains to the disposition of arrest warrants. Rule 3(c)(1) provides in pertinent part:

> Action on Warrant. Within ninety (90) days after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentment to the grand jury, which indictment shall be filed with the Clerk of Court, assigned a criminal case number, and presented to the Grand Jury; (2) formally dismissing the warrant, noting on the face of the warrant the action taken; or (3) making other affirmative disposition in writing and filing such action with the Clerk of Court.

Rule 5 of the South Carolina Rules of Criminal Procedure pertains to disclosure of evidence in criminal cases.

(Tr. 7). After counsel made his arguments at the onset of trial, the trial judge denied the motion finding that the time period was not inordinate and that it "squares with Supreme Court decisions that have been handed down with respect to requests for a speedy trial." (Tr. 6-8).  Further, the trial judge denied the motion as to the evidence of the car and held that "I don't see how the absence of the vehicle presents a significant or a practical prejudice to the Defendant in trying his case." (Tr. 8). At PCR, trial counsel testified that he made motions to dismiss based on the speedy trial act and based on a lack of evidence but was turned down on both motions. (Tr. 201).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The record supports the PCR court's decision as trial counsel did make motions to dismiss based on the timing and evidence but the motions were denied. Therefore, it is recommended that summary judgment be granted for Respondent with regard to Ground Four.

19

**Ground Five**

Petitioner alleges that the sentencing sheet issued by the judge following his conviction was erroneously marked "non-violent" where the offense is classified as "violent" under South Carolina law. Within the supporting facts, Petitioner states that trial counsel failed to advise him of the statutory/mandatory restrictions and requirements of his sentence. Respondent argues that any claim regarding the length of the sentence based on state law is barred as it is not cognizable for federal habeas review. With respect to any argument in regard to ineffectiveness of trial counsel in this issue, Respondent asserts that Petitioner cannot show prejudice in that he was brought back before the court and the error was corrected. Respondent asserts that the outcome of Petitioner's trial was not affected by the violent or non-violent designation on his sentencing sheet.

To the extent this issue challenges an issue of state law, it is procedurally barred and should be dismissed. Additionally, it is recommended that this issue be dismissed with regard to any argument regarding the length of a state sentence as it pertains to interpretation of state law.  A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

As to any argument alleging ineffectiveness of trial counsel in this regard, the

claim fails. The PCR court held the following:

> This Court finds the Applicant failed to meet his burden of proving trial counsel should have noted the sentencing sheet was marked non-violent instead of violent. The Applicant testified he was returned to court and appeared before Judge Verdine, who agreed this was in error. In any event, this Court finds the Applicant has failed to show how he was prejudiced by trial counsel's failure to catch this error.

(Tr. 222).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Even if trial counsel failed to render reasonably effective assistance of counsel under prevailing norms by failing to catch the error on the sentencing sheet, Petitioner fails to prove the prejudice prong of Strickland as the error was corrected. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Five.

**Grounds Six and Seven**

In Grounds Six and Seven, Petitioner argues that trial counsel, and thus the State of South Carolina, deprived him of due process and equal protection of the law

21

by acting ineffectively in his trial. Specifically, Petitioner alleges in Ground Six that "[t]he state of South Carolina has failed it's constitutional obligations to provide me with Effective Assistance of Counsel, thus violating the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution, and Violating the requirements for Effective Assistance of Counsel described, articulated, and set forth by the US. Supreme Courts in <u>Gideon v. Wainwright</u>, 372, U.S., 335 (1963)." In Ground Seven, Petitioner argues that "Court appointed Counsel: Larry Holmes Cooke and Rodney Richey have Denied and Deprived me of Effective Assistance of Counsel, Violations of Due Process of the Law, and Equal Protection of the Law due to neglecting with deliberate indifference to provide me with Effective Assistance of Counsel."

In the order of dismissal, the PCR court held as follows:

> This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

> This Court finds the Applicant failed to meet his burden of proving trial counsel failed to investigate his case. This Court notes trial counsel testified he had pages of notations in his file and that the Applicant had been a combative client. This Court notes trial counsel testified he spent hours on this case and even visited the crime scene with an investigator to reconstruct the sequence of events. This Court notes trial counsel's testimony that the State had

22

overwhelming evidence against the Applicant, which included an eyewitness. This Court agrees. This Court finds the Applicant has failed to articulate what else trial counsel could have done to investigate the case and achieve a different outcome at trial. See Skeen v. State, 325 S.C. 210, 481 S.E2d 129 (1997)(holding applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additional, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The

23

state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. The evidence against Petitioner also included the testimony from eyewitnesses (tr. 41-68; 97-105) and the victim. (Tr. 71-87). Trial counsel testified about the hours he worked on the case, the numerous times he spoke with Petitioner, and his visits to the scene with an investigator to reconstruct the event. (Tr. 203-205). Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Grounds Six and Seven.[3]

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

---

[3] Respondent asserts in the reply that, in Petitioner's response to summary judgment, he appears to allege a new ground not raised in his original petition alleging a Brady violation resulting in a denial of due process. Specifically, it appears that Petitioner alleges a Brady violation based on he fact that the vehicle used in the crime Petitioner was convicted of was never produced for inspection during Petitioner's adjudication. This claim was not presented in the original petition, and Petitioner did not seek to amend his petition to present this ground. Additionally, the issue is procedurally barred as it was not raised as a trial court error in a direct appeal and was not raised as a claim of ineffective assistance of counsel in the PCR appeal.

It is further RECOMMENDED that all outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
September 9, 2015                                      United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.